UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 0:09-CV-00106-HRW

DON JUSTUS                                                  PETITIONER

VS:                **MEMORANDUM OPINION AND ORDER**

E.K. CAULEY, Warden                                RESPONDENT

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Don Justus, a prisoner currently confined in the Federal Prison Camp in Ashland, Kentucky, has submitted a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241, and has paid the District Court filing fee. The Petition is now before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002).[1] For the reasons set forth below, this proceeding will be transferred to the District Court where the Petitioner's conviction was obtained.

## ALLEGATIONS AND CLAIMS

The following is a summary of the factual allegations and legal claims in Justus' Petition [Record No. 2]. Justus begins, "Petitioner is far from your classic armed drug dealer. He and his mother ran a general store in southwestern Virginia." He next alleges that "to make ends meet," he

---

[1] As this litigant is appearing *pro se*, his pleadings are held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001); *see also* 28 U.S.C. § 1915A(b). But the Court may dismiss a Petition at any time, or make any such disposition as law and justice require, if it determines that the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

had opened a small game room/pawn shop in a room next to the store; in it, he sold "prescription drugs purchased from nearby inhabitants who had prescriptions but needed money."

One morning, on a date not revealed, the Petitioner alleges that he bought approximately 150 Oxycodone pills from a young woman, and shortly after she left, armed agents burst into the store and arrested him. After a search, these officials seized cash, the drugs, guns, car titles, tools, and other items "typically" found in a pawn shop.

On October 18, 2005, Justus was indicted in the United States District Court for the Western District of Virginia. He states that he was charged with distributing oxycodone in violation of 21 U.S.C. § 841(a)(1) and "carrying a firearm in furtherance of a drug trafficking crime," in violation of 18 U.S.C. § 924(c). He gives little information about the criminal proceeding but PACER reveals that the case was *United States v. Justus*, W.D.Va. No. 1:05-CR-00068-jpj-pms-1. The second of the two count indictment, found at Docket Entry ["D.E."] 4, charges him with more than "carrying" a firearm. It charges that he "knowingly used and carried during and in relation to, and possessed in furtherance of, a drug trafficking crime."

The indictment does not refer specifically to any of the guns seized on the day of Justus' arrest, but the Petitioner Justus alleges that of the nine guns which were seized, it was a .22 derringer from which the firearm charge arose. That gun was kept in the cash register, but it was there *not* in furtherance of a crime. Rather, Petitioner claims that the derringer had been pawned to him to secure payment for a prior sale of illicit drugs and that was where he kept other small pawned items.

Five months later, on March 23, 2006, pursuant to a plea agreement,[2] Petitioner pled guilty to the gun charge and waived his right to appeal or collaterally challenge that conviction. At sentencing, on June 8, 2006, the United States dismissed the drug charge, as promised in the plea agreement, and the Court sentenced Justus to "the mandatory 60 month sentence for the gun charge," which he is now serving. Judgment[3] was entered the next day.

On December 10, 2007, the Supreme Court of the United States issued *Watson v. United States*, 552 U.S. 74 (2007). In that decision, the Court held that "receiving" a firearm as payment for drugs does not constitute "use" of the firearm as that term is used in 18 U.S.C. § 924(c). When a defendant had only *received* the firearm in payment for drugs, he was not engaging in criminal conduct, and therefore, a conviction for such *use* of a firearm under Section 924(c) cannot stand.

The instant Petitioner claims that under *Watson*, holding guns "only as a medium of payment" is no longer criminal conduct. Therefore, he is actually innocent of the firearms charge and is entitled to release. As authority for this entitlement and result after *Watson*, he cites to *Lowe v. Cauley*, E.D.Ky. No. 09-CV-045-HRW, 2009 WL 3055346 (E.D.Ky. September 21, 2009), and *Lowe v. Cauley*, S.D.W.Va. No. 09-CV-1016 (S.D.W.Va. October 19, 2009), as precedent.

Petitioner contends that he could not bring a 28 U.S.C. § 2255 Motion during the first year after his conviction for two reasons, *i.e.*, he had waived his right to do so and also because there was no ground to do so until *Watson* was decided 18 months after the conviction. Justus reasons that the 2007 *Watson* decision gave him "brand new rights" which entitle him to release. Since these rights

---

[2] In the plea agreement appearing in the trial court record at D.E. 26 Justus promises to plead guilty to "knowingly using and carrying a firearm during and in relation to the furtherance of a drug trafficking crime in violation of 18 U.S.C. Section 924(c)."

[3] Curiously, according to the Judgment [D.E. 35], Justus pled guilty and was convicted of "*Possession* of a Firearm During a Drug Trafficking Crime" (emphasis added).

arose well after his conviction, his claim based on *Watson* was not waived in the 2006 plea agreement and may be brought to this Court under its 28 U.S.C. § 2241 jurisdiction, as his opportunity to bring the matter to the trial court via a Section 2255 Motion is now inadequate and ineffective for such a collateral attack.

Citing to *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003), the Petitioner claims that he, too, meets the standards used by this Court in prior cases like this. He urges the Court to use its Section 2241 jurisdiction to correct the problem by vacating his conviction and granting him release.

## DISCUSSION

It is true that in *Watson*, the Supreme Court held that the *receipt* of a handgun in a drug transaction does not constitute "use" of a handgun under 18 U.S.C. § 924(c) and is, therefore, not a violation of the criminal statute. 552 U.S. at 81. It is also true that this Court may, under its Section 2241 jurisdiction, undertake to decide a matter relating to a federal prisoner's conviction or sentence if the Petitioner shows that (1) his remedy under Section 2255 is inadequate or ineffective to test the legality of his detention (28 U.S.C. § 2255(e) and *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999)); and (2) his claim is one of "actual innocence," that is, the Petitioner was convicted of conduct which an intervening Supreme Court opinion defined as non-criminal (*Bousley v. United States*, 523 U.S. 614, 623 (1998) (actual innocence means factual innocence); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003)).

Petitioner Justus has used the language of both components, alleging that his remedy under Section 2255 is inadequate and ineffective to test the legality of his conviction, and that he was convicted of certain criminal conduct, *i.e.*, his using/receiving a firearm in exchange for drugs, which the Supreme Court ruled in the intervening *Watson* opinion was/is non-criminal conduct.

4

The Petitioner claims to have satisfied both of the requirements as Petitioner Martin had done, and in *Martin*, the Sixth Circuit ruled that this Court could entertain the Petitioner's challenge to his conviction on the merits under its Section 2241 jurisdiction.[4] The Petitioner therein had both an intervening-change-in- the-law from a Supreme Court opinion which was decided years after his crime, sentencing, and original Section 2255 Motion, And he had already tried to raise the new claim, but neither the trial court nor the Court of Appeals would hear the merits of the claim.

Thus, Martin had clearly shown (indeed, he had proved) that a Motion under Section 2255 was inadequate and ineffective to test the legality of his detention. In contrast, Justus' criminal trial record shows that he has not tried to bring the claim in the trial court so as to demonstrate that a Section 2255 Motion is inadequate or ineffective.

After the publication of the *Martin* opinion, this Court was faced with its first Section 2241 Petitioner, named Lowe, who had a *Watson* claim and who asked this Court to hear it. The instant Petitioner has cited to and relied on th *Lowe* case, understandably. Like Petitioner, Lowe had pled guilty to the same pair of charges, a drug count and a firearm count, resulting in the same pairing of terms of imprisonment, that is, service of the drug offense to be completed first and the firearm sentence to be served consecutively. If the firearm sentence were vacated, then Lowe, who had already served the drug sentence, would be entitled to immediate release from prison.

As it has done herein, the Court examined precedent within and without the circuit. The Court also noted that Lowe, under Section 2241, was "seeking to have a federal court invoke jurisdiction over claims that are normally beyond the pale of its authority to review." *Lowe*, 2009

---

[4] The change occurred upon the decision in *Jones v. United States*, 529 U.S. 848 (2000). In *Jones*, the Supreme Court determined that a conviction under Section 844(i) for bombing an owner-occupied residence could not stand when there was insufficient connection between that dwelling and interstate commerce. Petitioner Martin argued that his Section 844(I) conviction should be vacated under this new standard.

WL 3055346 at *5 (quoting *Bousley*, 118 S.Ct. 1612 at n.3). For that reason and because Petitioner Lowe had not tried to bring the claim to the court of his conviction, as Martin had done, the Court transferred Lowe's Petition to the trial court. Upon its arrival there, the United States District Court for the Southern District of Virginia ordered Lowe released from prison "**FORTHWITH.**"

Another district court has transferred a Section 2241 case under similar facts, but the Petitioner did not fare as well as Lowe in the court of his conviction. In *Short v. Schultz*, D.N.J. No. 08-0186 (JBS), 2008 WL 305594 (D.N.J. Jan. 28, 2008) (not reported), the Petitioner submitted a Section 2241 Petition urging relief based on *Watson*, to the Court in the District of his confinement, New Jersey, in the Third Circuit. He sought to vacate his two Section 924(c) convictions obtained in the Western District of Virginia, which is in the Fourth Circuit.

Relying on one Third Circuit case which "opined" that if there is no other remedy in the district of the prisoner's conviction and sentencing, "the Court of Appeals for the Fourth Circuit would approve of the district court's exercise jurisdiction under the All Writs Act, 28 U.S.C. § 1651(a) to grant him a writ of *error coram nobis*. *In re Nwanze*, 242 F.3d 521, 526 (3rd Cir. 2001)." *Id.*, at *3. The New Jersey District Court continued its analysis as follows:

> In *Nwanze*, the Court of Appeals approved the transfer of a petition, in circumstances such as this, to the court of conviction pursuant to 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."). 242 F.3d at 525-26 and n. 2. The Court of Appeals took note of the fact that such a procedure would permit the sentencing court to determine whether it should resentence the defendant on the remaining counts of conviction, whereas the Court of Appeals had "some doubt" as to whether another court could resentence on the remaining counts. Thus, transfer to the court of conviction in the Western District of Virginia seems most appropriate, in view of the multiple counts of conviction, and in light of that court's superior familiarity with the underlying conviction and sentence.

6

> Finally, the Court held that the transfer should be without prejudice to a petitioner's reinstating his habeas corpus petition in the district of confinement if the court of conviction should deny him relief on jurisdictional grounds. *Id.* at 527.
>
> Accordingly, this Court will follow the procedure approved in *Nwanze* and transfer this matter to the court of conviction.

*Short*, 2008 WL 305594, at *3. The Court transferred Short's Petition to the Western District of Virginia, where it became *Short v. Shultz*, W.D.Va. No. 08-CV-057, 2008 WL 1984262 (W.D.Va. May 6, 2009).

The decision of the federal court in the Western District of Virginia, starts with, "The first question I must answer in the case is whether a habeas petition in this court is the proper method of raising Short's substantive claim that his 924(c) sentences are invalid." Id. at *2. After a detailed examination of Title 28, United States Code, Section 2241, Petitioner Short's trial court wrote,

> The question of the proper location in which to file a § 2241 habeas petition, however, is "best understood as a question of personal jurisdiction or venue," because these procedural protections may be waived or forfeited by the respondent. *Padilla*, 542 U.S. at 451 (Kennedy, J., concurring) (citing *Moore v. Olsen*, 368 F.3d 757, 759-60 (7th Cir.2004)). Subject-matter jurisdiction over § 2241 claims is vested in any federal district court, pursuant to 28 U.S.C.A. § 1331 (West 2006), because all such claims entail federal questions. *Moore*, 368 F.3d at 759; *see also Ex parte Endo*, 323 U.S. 283, 293 (1944) (finding that prisoner transferred from one district to another while habeas is pending need not refile in the new district). Thus, a respondent who is not located within the territory of the judicial district where the § 2241 case is pending may nevertheless choose to defend against the petition by foregoing objection to the forum court on the grounds of personal jurisdiction or venue. *Moore*, 368 F.3d at 759-60.
>
> Following these principles, I find that this court may properly address Short's claims under § 2241. . . .

*Short*, 2008 WL 1984262 at *2 -3. The Court proceeded to study the merits of Short's case, including the evidence against him with regard to the two § 924(c) charges. Short had been charged with "use," "carrying," or "possession" of a firearm in connection with a drug trafficking crime, as

7

contrasted with *Watson*, whose conviction had been limited to the "use" of the firearm. Since Short had gone to trial, the Court could also study the jury's instructions as to what these three terms mean and the evidence which was used at trial.

The District Court for the Western District of Virginia then decided the matter on the merits, ruling, "Even after the *Watson* decision, Short's conduct did violate the statute under which he stands convicted and sentenced," and thus his continued confinement under the § 924(c) sentences did not violate federal law so as to warrant relief under Section 2241. *Id.* at *5. That decision was affirmed. *Short v. Shultz*, 298 Fed.Appx. 246 (4th Cir. 2008) (unpublished), *cert. denied*, 129 S.Ct. 1376 (2009).

## CONCLUSION

As it did in *Lowe*, this Court chooses to transfer the instant Section 2241 proceeding to the court of Justus' conviction, the Western District of Virginia. That is where this Petitioner pled guilty and received the sentence which he is serving today. The parties' documentary evidence and transcripts, if any, plus the contents of the original record against Justus, are there, and the convenience of the court and witnesses are best served there.

Also, as this Court and the New Jersey District Court did in *Lowe* and *Short,* the transfer will be without prejudice to Justus' reinstating his habeas corpus petition in the district of his confinement if the court of conviction should deny him relief on jurisdictional grounds. Accordingly, the Court being advised,

it is **ORDERED** as follows:

8

1. The Clerk of the Court shall **TRANSFER** Petitioner Justus' habeas proceeding herein, to the United States District Court for the Western District of Virginia, the Abington Division.

2. The transfer of the instant action from this Court will be **WITHOUT PREJUDICE** to Justus' reinstating his habeas corpus petition here or in whichever federal district court is in his district of confinement, if the court of his conviction should deny him relief without reaching the merits of his claims.

This the 1st day of February, 2010.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge